654    Appellate Courts of Illinois.

Barth. & Roes. B. & M. Co. v. S. S. T. & S. Bk., 194 Ill. App. 654.

## Bartholomae & Roesing Brewing and Malting Company, Appellant, v. South Side Trust and Savings Bank, Appellee.

### Gen. No. 19,615.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and judgment here with finding of fact. Opinion filed October 5, 1915. Rehearing denied October 14, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by the Bartholomae & Roesing Brewing and Malting Company, a corporation, plaintiff, against the South Side Trust & Savings Bank, a corporation, defendant, in the Municipal Court of Chicago, to recover the amount due on a check of $1,311.79, drawn by defendant to the order of plaintiff, on which payment was refused. Defendant claimed to set off the amount of a check for $500 drawn by plaintiff to the order of one who indorsed to defendant, which paid the amount of it to such payee, who was a depositor in defendant's bank. From a judgment for plaintiff, but allowing defendant's set-off, plaintiff appeals.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; JOHN C. SLADE and GEORGE A. KELLY, of counsel.

KNAPP & CAMPBELL, for appellee; CHARLES P. SCHWARTZ, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

South Side State Bk. v. Fox River Distilling Co., 194 Ill. App. 655.

## Abstract of the Decision.

1.  PAYMENT, § 6*—*when note operates as.*  A note accepted as payment operates as a satisfaction of the pre-existing debt for which it is given.

2.  PAYMENT, § 6*—*when evidence sufficient to show.*  In an action to recover on an unpaid check, made by defendant payable to the order of plaintiff, where defendant sought to set off the amount of an unpaid check made by plaintiff payable to the order of a third person, who deposited it in defendant's bank, and received from defendant the amount thereof, and where parties stipulated that certain funds standing to the credit of the payee in said bank had been applied "in part payment" of the check sought to be set off, and that certain notes were received by defendant "in payment of the balance" of the amount due on said check, a judgment allowing the set-off *held* erroneous, for the reason that it must be inferred from the language of the stipulation that such application of funds and such notes were received by defendant in payment of the liability on the check sought to be set off.